IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHNNY LEWIS WASHINGTON,                                   PETITIONER

v.                                    CIVIL ACTION NO.: 1:14CV116-GHD-DAS

ERNEST LEE and ATTORNEY GENERAL
OF THE STATE OF MISSISSIPPI,                               RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Johnny Washington for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 1977 conviction for capital murder and 1983 sentence of life imprisonment. Respondents have moved to dismiss the petition as successive, and, alternatively, as untimely. Washington has responded to the motion to dismiss. This matter is now ripe for resolution. For the reasons set forth below, Respondents' motion is granted, and the instant petition is dismissed.

### Discussion

In May 1977, a Lowndes County Circuit Court jury convicted Washington of capital murder and sentenced him to death. Mot. to Dismiss, Ex. A. His conviction and sentence were affirmed by the Mississippi Supreme Court on July 12, 1978. *Washington v. State*, 361 So. 2d 61 (Miss. 1978); Mot. to Dismiss, Ex. B. In September 1981, the United States Court of Appeals for the Fifth Circuit reversed Washington's death sentence and remanded the case for resentencing. *Washington v. Watkins*, 655 F.2d 1346 (5th Cir. 1981); Mot. to Dismiss, Exs. C and D. Thereafter, Washington moved the trial court to permit him to waive a jury trial, and on February 25, 1983, the circuit judge resentenced Washington to life imprisonment in the custody

of the Mississippi Department of Corrections.[1] Mot. to Dismiss, Exs. E and F.

Washington has previously filed for federal habeas relief in this Court in Cause No. GC-79-93-WK-P, challenging his 1977 Lowndes County conviction and sentence for capital murder. This earlier habeas action was the subject of the Fifth Circuit appeal in *Washington v. Watkins, supra*. In that case, the Fifth Circuit remanded the matter on the issue of sentencing only, and the district court thereafter ordered the trial court to enter a new sentence in accordance with State law. Therefore, the Court finds that the instant petition is successive as it pertains to Washington's capital murder conviction.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that an applicant seeking to file a second or successive petition first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Washington has not obtained the requisite authorization to file a successive action challenging his capital murder conviction from the Lowndes County Circuit Court. Accordingly, to the extent that Washington's petition challenges his underlying conviction for capital murder, the instant petition must be dismissed, as the Court is without jurisdiction to review the matter.

However, to the extent that Washington is not challenging his 1977 conviction, but rather, his 1983 resentencing only, whether Respondents' motion should be granted turns on the timeliness of Washington's § 2254 petition. The AEDPA has a one-year statute of limitations, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

---

[1] On the same date, Washington was also sentenced on guilty pleas to armed robbery and aggravated assaulted related to the capital murder. Mot. to Dismiss. Ex. G.

2

The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

Federal habeas applicants like Washington whose conviction and/or sentence became final prior to AEDPA's effective date are entitled to a one-year grace period to file for federal habeas relief. *Grillete v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003)). The AEDPA became effective on April 24, 1996. *Id.* Therefore, Washington must have filed his federal habeas petition, or submitted a "properly filed" application in State court to toll the federal limitations period, on or before April 24, 1997. Washington did not file any post-conviction motions with the Mississippi

Supreme Court between April 24, 1996, and April 24, 1997.[2] Accordingly, the tolling provision of § 2244(d)(2) is not applicable in this case.

Washington's federal habeas petition was "filed" sometime between the date it was signed on July 17, 2014, and the date it was received in this Court on July 21, 2014. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is more than seventeen years past the one-year statute of limitations imposed by the AEDPA, which expired in this case on April 24, 1997.

The Court notes that in "rare and exceptional circumstances," the federal limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). Washington has not demonstrated that he was actively misled or prevented in some extraordinary way from asserting her rights. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). Therefore, the Court finds that no rare and exceptional circumstances exist in this case to warrant equitable tolling.

Washington claims that he is "actually innocent" of his conviction. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The requirement of "proof" is not met, however, unless the petition "persuades the district court that, in light of the new

---

[2] Washington did file an application for leave to proceed in the trial court on August 16, 2013, which was later denied as untimely filed. *See* Mot. to Dismiss, Exs. H and I. Because this application was filed more than sixteen years after the federal limitations period expired, however, it did not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2).

4

evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citation omitted). In this case, Washington makes only a claim of innocence and fails to present any new, reliable evidence, that would support his claim that he is actually innocent of capital murder. Accordingly, Washington cannot rely upon a claim of actual innocence as an exception to the limitations period. Therefore, the Respondents' motion will be granted, and the instant petition will be dismissed.

## Conclusion

For the reasons set forth herein, Respondents' "Motion to Dismiss" is **GRANTED**. The Court is without jurisdiction to review a challenge to Washington's conviction, and the petition is **DISMISSED** insofar as it challenges his capital murder conviction. Because it is untimely, Washington's challenge to his resentencing is **DISMISSED WITH PREJUDICE**. Any pending motions are **DISMISSED AS MOOT**. A separate final judgment will enter today.

SO ORDERED this the 29th day of October, 2014.

**SENIOR U.S. DISTRICT JUDGE**